GrANra, J.
I am opposed to the principle of allowing interest on judgment for damages ; but inasmuch as the decisions, had on actions of this kind, appear to have sanctioned the practice, it is on the ground, and to insure uniformity of decision, that I concur.
Coicock, J.,
delivered his opinion as follows :
This was an action of debt upon a former judgment obtained on three promissory notes, by the plaintiff against the defendant, on the 14th June, 1806, to recover damages for the detention of the debt. At November term, 1811, the plea of payment was filed, issue joined, and the cause docketed. On the first day of the term a tender of the balance of the former judgment, without interest, was made, together with costs of the present action, up to the time of the tender. The tender was refused by the plaintiff, on the ground, that he was entitled to interest by way of dam *148 ages for the detention of the debt. agra lunucumrawuuui TOura>. At the trial the plaintiff’s* case was proven, the judgment produced, and he claimed interest byway of damages, up to the time of trial. The presiding judge charged the jury not to find interest. A motion is now made for a new trial, on the following grounds:
1. That the presiding judge misdirected the jury in stating that the plaintiff was precluded by the tender from claiming interest by way of damage for the detention of the debt.
2. In stating to the jury, that the payment of money into Court, where the demand was for unliquidated damages, after plea pleaded, was regular and legal.
The case was presented in such a shape below as to establish the position, that in all cases, interest, by way of damages, was recoverable in an action of debt on judgment In short, that judgments would bear interest. I was aware of the decision of the Constitutional Court in the case of Lambkin v. Nance;[1] but believed then, and now do, that that case established no more than that damages might be recovered for the detention of the debt, by an action on the judgment; a doctrine which I think was established both by the English authorities and our own. But if the judgment is paid off, I cannot conceive how an action can be bottomed upon it. It does appear to me like raising a superstructure without a foundation.
I do not conceive it necessary to go at any length into the consideration of the plaintiff’s grounds, because, on the trial, the tender was admitted, and the party was to be allowed all the legal advantages which could arise from it. But it has been the invariable rule in our Courts to allow the payment of money into Court after issue ; and the Court will do so to meet the justice of the case, and, if necessary, regulate the pleadings accordingly and this is in conformity with the English practice. 6 Bac. 461, 458, 5U-2.
And the same as to the second ground. The payment of the amount of the debt and costs of a judgment into the hands of the clerk of the Court, who the keeper of the records, is a discharge from the legal* operation of the judgment, and entitles the defendant to a satisfaction of the judgment. If this were not so, the creditor might, by refusing to receive his money, compel his debtor, however reluctantly, to pay interest.
Many authorities have been produced to show, that where money is paid into Court, the plaintiff isnevertheless allowed to proceed; but they are cases sounding altogether in damages, the extent of which not being ascertained, the party is allowed to proceed. The distinction is obvious. In those cases damages being unascertained, the plaintiff must be permitted to prove the extent of them. . In the case of a judgment, the amount of debt has been fixed by the judgment of the Court.
I can readily conceive of a case in which a plaintiff should be allowed to recover damages for the detention of a debt after judgment. But it must be for the detention; as where a defendant removes from a State after judgment, and before the issuing of execution ; or so covers his property, that it cannot be taken in satisfaction of the debt. In these, and *149 such like cases, it may be said the debt is detained. But I never can yield my assent to the propriety of compelling a defendant to pay interest where the plaintiff has it in his power to enforce the payment, unless there be a special contract to that effect.
H. A. Be Saussure, for the motion. Hayne, contra.
It is said that where a man is permitted to use money, which he may be compelled to pay, he is in justice bound to pay interest; and that the law will imply a contract to do so. To support the first position, it should always be proven that the money was used by the individual who is made to pay it. And if this be necessary, I very much doubt if one person in one hundred would be made to pay it; for I verily believe that it is the moth which has destroyed the rich garments with which many have been clothed in our country.
As to the presumption that the defendant agreed to pay interest, I do not think the circumstances of the *case warrant it. Speaking generally on the subject, I think it more fair to presume, where a judgment has not been enforced, that the plaintiff was apprehensive he could not obtain payment, if he attempted to enforce his judgment, or that he was indolent and slept over his rights. The determination of this case is to settle the case of S. Keith, survivor, v. Wm. Fishburne, executor of Snipes. This, being the case of an estate, will furnish one of the strongest arguments against the doctrine contended for. Yeryfew estates in this country make seven per cent. Establish the doctrine, that judgments bear interest, and if an executor or administrator fail to pay the judgments which are obtained against an estate, of which he may have the management, and in a few years it is swallowed up by this interest. I say nothing of the case of Hamilton v. Fiddy, for it is too imperfectly reported to be relied on.
I am, for these reasons, against the motion.

 2 Brev. 99.